FILED '08 APR 08 13:59 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| WAYNE L. LERCH, ) | |
| ) | |
| Plaintiff ) | Civil No. 06-1667-CL |
| ) | |
| v. ) | FINDINGS AND |
| ) | RECOMMENDATION |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

CLARKE, Magistrate Judge:

Plaintiff Wayne Lerch ("Lerch") seeks judicial review of the Social Security Commissioner's final decision denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). For the reasons below, I recommend the Commissioner's decision be affirmed.

## BACKGROUND

Born in 1962, Lerch has an eleventh-grade education. Tr. 76, 134.[1] Between 1996 and October 1999 Lerch worked as a contract truck driver. Tr. 115.

---

[1] Citations "Tr." refer to indicated pages in the official transcript of the administrative record filed with the Commissioner's Answer October 16, 2007 (Docket #16).

Lerch applied for DIB on September 4, 2002, alleging disability since November 9, 1999, due to manic depression and bipolar disorder, left foot drop, right shoulder injury, side effects stemming from retained surgical hardware in his right femur, and dyslexia. Tr. 76, 78, 128.

Lerch's application was denied initially and upon reconsideration. Tr. 35-41, 43-45. A hearing was held before an Administrative Law Judge ("ALJ") on October 5, 2004, and the ALJ found Lerch not disabled on February 22, 2005. Tr. 13-23, 538-62. Lerch appealed that decision to this court, and on April 15, 2006, this court remanded the matter, instructing the ALJ to reassess Lerch's residual functional capacity. Tr. 583-84. The ALJ subsequently found that Lerch could perform work in the national economy and therefore again found him not disabled. Tr. 567-82. The Appeals Council did not assume jurisdiction, making the ALJ's decision the Commissioner's final decision. 20 C.F.R. § 404.984. Lerch seeks review of this finding.

## DISABILITY ANALYSIS

The Commissioner engages in a sequential process encompassing between one and five steps in determining disability under the meaning of the Act. 20 C.F.R. § 404.1520, *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Lerch challenges the ALJ's evaluation of the evidence and his conclusions at steps two and five.

At step one, the ALJ determines if the claimant is performing substantial gainful activity ("SGA"). If so, then the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the ALJ determines if the claimant has "a severe medically determinable physical or mental impairment" that meets the 12 month duration requirement. 20 C.F.R. §§ 404.1509; 404.1520(a)(4)(ii). If the claimant does not have such a severe impairment, he is

not disabled. *Id.*

At step three, the ALJ determines whether the severe impairment meets or equals a "listed" impairment in the regulations. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment is determined to meet or equal a listed impairment, then the claimant is disabled.

If adjudication proceeds beyond step three, the ALJ must first evaluate medical and other relevant evidence in assessing the claimant's residual functional capacity ("RFC"). The claimant's RFC is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite limitations imposed by his impairments. 20 C.F.R. § 404.1520(e); Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996). The ALJ uses this information to determine if the claimant can perform past relevant work at step four. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant can perform his past relevant work he is not disabled. *Id.*

At step five, the Commissioner must determine if the claimant is capable of performing work existing in the national economy. *Yuckert*, 482 U.S. at 142; *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir.1999); 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(f).

The initial burden of establishing disability rests upon the claimant. *Tackett*, 180 F.3d at 1098. If the process reaches step five, the burden shifts to the Commissioner to show that "the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.* at 1100. If the Commissioner meets this burden the claimant is not disabled. 20 C.F.R. §§ 404.1566, 404.1520(g).

## THE ALJ'S FINDINGS

At step two in the sequential proceedings, the ALJ found Lerch's left foot drop, knee injuries, history of right shoulder dislocation, and history of intra-abdominal injury following a motor vehicle accident "severe." Tr. 570. The ALJ found that these impairments did not meet or equal a "listed" impairment at step three in the proceedings and assessed Lerch's RFC through his date last insured:

> [T]he claimant had the residual functional capacity to perform a limited range of light exertion work activity. The claimant was able to lift up to 20 pounds occasionally and 10 pounds frequently. He would work best in activities that allowed for a sit/stand option or where he was given the opportunity to change positions for a few minutes every hour. He was able to perform no more than occasional overhead reaching with his right (dominant) arm. He could perform no more than occasional balancing, crouching, crawling, and kneeling. He was limited to activities that do no involve climbing ladders, ropes, or scaffolds. Due to pain and possible side effects from medications, he was limited to no more than semi-skilled work. He required accessibility to restrooms before and after work, at lunch, and at usual morning and afternoon breaks.

Tr. 575. The ALJ found that Lerch could not perform his past relevant work at step four, but found that he could perform work in the national economy at step five. Tr. 581-82. The ALJ therefore found Lerch not disabled. Tr. 582.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Commissioner for Social Security Administration*, 359 F.3d 1190, 1193 (9th Cir. 2004). This court must weigh the evidence that supports and detracts

4 - FINDINGS AND RECOMMENDATION

from the ALJ's conclusion. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)(citing *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998)). The reviewing court may not substitute its judgment for that of the Commissioner. *Id.* (citing *Robbins v. Social Security Administration*, 466 F.3d 880, 882 (9th Cir. 2006)), *see also Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading. *Id.*, *see also Batson*, 359 F.3d at 1193.

## DISCUSSION

Lerch claims the ALJ erroneously evaluated limitations stemming from his bowel, knee, and hand impairments, alleging that the ALJ reached erroneous conclusions at steps two and five in the sequential proceedings. His argument addresses the ALJ's evaluation of the medical evidence and his credibility findings. These findings are addressed separately. Lerch does not challenge the ALJ's findings regarding his mental impairments.

### I. The ALJ's Step Two Findings

Lerch contends the ALJ failed to comply with this court's remand order at step two in the sequential proceedings. Pl.'s Br. 11. This court ordered the ALJ to "clarify Plaintiff's impairments at step two and the limitations arising from them." Tr. 583. Deviation from this order is legal error which may warrant reversal. *Sullivan v. Hundson*, 490 U.S. 877, 866 (1989).

At step two in the sequential proceedings, the ALJ determines if the claimant has a "severe" impairment. 20 C.F.R. § 404.1520(a)(4)(ii). An impairment is "severe" if it "significantly limits your ability to do basic work activities." 20 C.F.R. § 404.1520(c), *see also* 20 C.F.R. § 404.1521. Such an impairment must last, or be expected to last, twelve months. 20

5 - FINDINGS AND RECOMMENDATION

C.F.R. § 404.1509.

The ALJ's analysis at steps four and five must consider all of a claimant's impairments, both severe and non-severe. 20 C.F.R. § 404.1545(a)(2). Because the ALJ proceeded beyond step three, any omission in his step two severity finding is presently inconsequential. *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

## II.  Medical Source Statements

Lerch contends that the ALJ's RFC assessment failed to appropriately consider his alleged bowel, knee, and hand impairments. Lerch also asserts that the ALJ should have considered environmental restrictions suggested by his treating physician.

### A.  Legal Standard

A treating physician's opinion is generally accorded greater weight than an examining physician's opinion. *Edlund*, 253 F.3d at 1157. The ALJ must give specific, legitimate reasons supported by substantial evidence for rejecting a controverted opinion from a treating physician and "clear and convincing reasons" for rejecting an uncontroverted opinion. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). This evaluation may set out a detailed and thorough summary of the facts and conflicting clinical evidence. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The opinion of the treating physician, however, is not necessarily conclusive to the ultimate issue of disability, which is reserved for the Commissioner. 20 C.F.R. § 404.1527(c)(1).

///

///

6 - FINDINGS AND RECOMMENDATION

**B.     Discussion**

**a.     Lerch's Bowel Impairment**

Lerch contends that the ALJ erroneously evaluated limitations stemming from his bowel impairment, specifically his frequent need to use a restroom. Pl.'s Br. 15. Lerch reports receiving a bowel resection following injuries sustained in a 1988 motor vehicle accident. Tr. 618. He testified that this condition requires access to a restroom "within a half hour," and added that he once interrupted his truck driving shift to relieve himself. *Id.* Lerch now asserts that the ALJ's RFC assessment allowing access to a restroom "before and after work, at lunch, and at usual morning and afternoon breaks" is incompatible with this because his need to use the restroom is "unforeseeable." Pl.'s Br. 15.

The ALJ discussed Lerch's bowel condition, noting that the record did not indicate the extent of Lerch's reported bowel resection or associated effects. Tr. 570-71, 574, 576. The claimant bears the burden of producing such evidence. *Tackett*, 180 F.3d at 1098. The ALJ also noted Lerch's testimony that he must be within one-half hour of a restroom. Tr. 576.

The restroom access specified by the ALJ in his RFC assessment is supported by the medical record and Lerch's testimony. Because Lerch did not testify that he required further restroom access, his present submission is not based upon the record. For these reasons, the limitations assessed in Lerch's RFC assessment should be sustained.

**b.     Lerch's Knee Impairment**

Lerch contends that the ALJ did not assess any limitations stemming from his left knee impairment. Pl.'s Br. 17. The ALJ found Lerch's "probable complete proximal anterior cruciate

ligament tear" of the left knee "severe," and discussed Lerch's knee treatment records. Tr. 570-71, 574. The ALJ's RFC allowed Lerch to change positions and limited him to occasional balancing, crouching, crawling, and kneeling. Tr. 575. These limitations restrict Lerch's use of his left knee. Lerch's submission that the ALJ's RFC did not assess limitations pertaining to his knee is not based upon the record.

Lerch subsequently asserts that the ALJ erroneously relied upon reviewing physician opinions regarding his left knee, submitting that this alleged omission fails to comply with this court's remand order. Pl.'s Br. 18. The ALJ did not reject Lerch's knee limitations by relying upon the reviewing physician opinions. Furthermore, the remand order did not specifically direct the ALJ to find limitations stemming from Lerch's knee impairment. The ALJ sufficiently discussed Lerch's knee impairment and his analysis should be sustained.

c.   **Lerch's Hand Impairment**

Lerch also claims that the ALJ failed to properly address his hand impairment. Pl.'s Br. 19. Lerch points to an exchange between the ALJ and medical expert Dr. Hayes at his October 2004 hearing, asserting that Dr. Hayes' statements establish a hand impairment. Pl.'s Br. 20. Dr. Hayes suggested it would be "reasonable to investigate" Lerch's reported hand symptoms because "something like carpal tunnel syndrome might turn up." Tr. 553. This statement does not establish an impairment.

The ALJ presently discussed Lerch's hand impairment, specifically noting MRI studies of Lerch's cervical spine. Tr. 572. The record supports the ALJ's analysis of Lerch's October 2003 cervical imaging studies. Tr. 501-02. While Dr. Rambousek's notes suggested possible carpal

8 - FINDINGS AND RECOMMENDATION

tunnel syndrome in January 2003, Dr. Rambousek dropped this suggestion in his February and March 2003 assessments, instead diagnosing cervical radiculitis. Tr. 478, 483-84. For these reasons, the ALJ's analysis of the medical record regarding Lerch's hands is based upon the record and should be affirmed.

### d. Environmental Restrictions

Lerch contends that the ALJ inappropriately rejected treating physician Dr. Rambousek's restriction regarding exposure to "extreme cold," "extreme heat," wetness, and humidity. Pl.'s Br. 22. The ALJ noted the environmental restrictions Dr. Rambousek suggested, but concluded that "these limitations are not supported by [Dr. Rambousek's] treatment record and the claimant has not made any allegations regarding such limitations." Tr. 580.

The ALJ's evaluation is based upon the record. Dr. Rambousek's treatment notes show no indication of environmental limitations. The ALJ may disregard physician opinions unsupported by clinical notes. *Bayliss*, 427 F.3d at 1216.

Lerch now cites his testimony "of difficulty with arthritis and his legs when in air conditioning or heated weather [sic]" and "problems as early as two days prior to when it rains." Pl.'s Br. 22, citing tr. 620. This testimony does not specify or establish work-related limitations. Furthermore, the ALJ was not obliged to include Lerch's reported limitations in his RFC assessment, as discussed below. The ALJ's evaluation of Lerch's environmental restrictions should be sustained.

### e. Additional Restrictions

Lerch asserts that the ALJ failed to restrict him from pushing and pulling, citing medical

9 - FINDINGS AND RECOMMENDATION

expert Dr. Haye's statements in October 2004. Pl.'s Br. 19, citing tr. 555. Dr. Hayes stated that he disagreed with reviewing physicians' assessments that did not limit Lerch's ability to push and pull, affirming a two hour limitation on these work functions. Tr. 555.

The opinion of a medical expert or reviewing physician may not constitute substantial evidence justifying rejection of a treating or examining physician's opinion unless it is "supported by other evidence of the record and . . . consistent with it." *Lester*, 81 F3d at 83, *Morgan*, 600 F3d at 600 (*citing Andrews*, 53 F3d at 1041). No treating or examining physician limited Lerch from pushing or pulling. Tr. 480, 225. For this reason, the ALJ was entitled to reject Dr. Hayes' limitations in pushing and pulling.

In summary, the ALJ's analysis of the medical evidence should be affirmed. Lerch fails to point to any error or omission by the ALJ justifying reversal.

## III.   Credibility

Lerch also asserts that the ALJ's RFC failed to include limitations described in his testimony.

### A.   Legal Standard

Once a claimant shows an underlying impairment which may "reasonably be expected to produce pain or other symptoms alleged" the ALJ must provide "clear and convincing" reasons for finding a claimant not credible. *Lingenfelter*, 504 F.3d at 1036 (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). The ALJ's credibility findings must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citing *Bunnell v. Sullivan*, 947

F.2d 341, 344 (9th Cir. 1991) (en banc)). The ALJ may consider objective medical evidence and the claimant's treatment history, as well as the claimant's daily activities, work record, and observations of physicians and third parties with personal knowledge of the claimant's functional limitations. *Smolen*, 80 F.3d at 1284. The ALJ may additionally employ ordinary techniques of credibility evaluation, such as weighing inconsistent statements regarding symptoms by the claimant. *Id.* Once a claimant shows an underlying impairment, the ALJ may not, however, make a negative credibility finding "solely because " the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins*, 466 F.3d at 883.

**B.     Discussion**

**a.     Activities of Daily Living**

The ALJ first discussed Lerch's recreational activities including Lerch's reports that he rides snowmobiles, bicycles, and motorcycles, and that he regularly fishes, hunts, and hikes. Tr. 577. The ALJ also noted that Lerch performs daily activities such as gardening, woodworking, shopping, and visiting with friends. Tr. 578.

The ALJ may cite activities of daily living to show that a claimant's activities contradict allegations of total disability. *Orteza*, 50 F.3d at 759. The Ninth Circuit notes, "Although the evidence of [a claimant's] daily activities may also admit of an interpretation more favorable to [claimant], the ALJ's interpretation was rational, and "[w]e must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation." *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005) (citing *Magallanes*, 881 F.2d at 750). This court therefore affirms the ALJ's finding that Lerch's activities of daily living contradict the limitations described

11 - FINDINGS AND RECOMMENDATION

in his testimony.

### b.  Medical Record

The ALJ may cite the medical record in concert with other factors in considering a claimant's credibility. *Robbins*, 466 F.3d at 883. The ALJ presently stated that Lerch's reported foot drop, right femur pain, and right shoulder pain symptoms are "disproportionate to the medical findings." Tr. 576.

Because this court sustains the ALJ's citation to Lerch's activities, this court accepts the ALJ's citation to the medical record in conjunction with that finding. This assessment should be sustained.

### c.  Remand Order

Lerch alleges that the ALJ's credibility analysis failed to comply with this court's remand order. Pl.'s Br. 24. The remand order directed the ALJ to "reevaluate the medical evidence as a whole" and "reevaluate Plaintiff's residual functional capacity." Tr. 583. The order did not specifically direct the ALJ to reassess Lerch's credibility. *Id.* The Appeals Council subsequently ordered the ALJ to "address all relevant . . . testimony, providing supporting rationale for the weight assigned thereto." Tr. 588.

Contrary to Lerch's submission, the ALJ's September 2006 opinion did not simply reiterate credibility findings articulated in the ALJ's February 2005 opinion. The ALJ's September 2006 decision directly quoted the ALJ's February 2005 summary of Lerch's testimony. Tr. 575, quoting tr. 17-18. However, the ALJ subsequently construed new analysis Lerch's testimony under the appropriate standards, discussed above. Tr. 576-78. This analysis is

sufficiently compatible with the ALJ's remand instructions.

### C. Credibility Conclusion

Finally, Lerch asserts that the ALJ failed to identify specific findings rejecting specific testimony. Pl.'s Br. 24. The ALJ's credibility analysis discussed Lerch's allegations regarding his "increasing pain all over his body," bowel impairments, foot drop, shoulder pain, left knee, and right femur pain. Tr. 576-77. These findings are sufficiently specific to Lerch's testimony. *Doddrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The ALJ provided adequate reasons for finding Lerch not credible under the relevant legal standards. The ALJ's credibility decision should be affirmed.

### IV. Vocational Expert's Testimony

Lerch finally contends that the ALJ's questions to the vocational expert ("VE") at step five of the sequential proceeding was not based upon an appropriate RFC assessment. Pl.'s Br. 25.

The ALJ is not required to include unsupported limitations in his hypothetical questions to a VE. *Osenbrock v. Apfel*, 240 F.3d 1157, 1163-64 (9th Cir. 2001). For the reasons established above, Lerch fails to show substantive error in the ALJ's evaluation of the medical evidence or Lerch's credibility in construing Lerch's RFC assessment. The ALJ appropriately relied upon this RFC and the VE's testimony in his step five finding. *Id.* Lerch therefore fails to show error in the ALJ's questions to the VE.

### CONCLUSION

In conclusion, Lerch has not identified reversible error in the ALJ's RFC assessment and

13 - FINDINGS AND RECOMMENDATION

has not established that he is unable to perform his past relevant work at step five. This court finds that the ALJ based his findings upon substantial evidence under the proper legal standards.

### **RECOMMENDATION**

This court finds that the Commissioner's decision that Lerch did not suffer from disability and is not entitled to benefits under Title II of the Social Security Act is based upon correct legal standards and recommends the Commissioner's decision be AFFIRMED.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. *Objections to this Report and Recommendation, if any, are due on April 22, 2008. If objections are filed, any responses to the objections are due 14 days after the objections are filed.* Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 8th day of April, 2008.

Mark D. Clarke
United States Magistrate Judge